# EXHIBIT G

Plaintiffs' Motion for a Temporary Restraining Order



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

**Mailing Address**  **Overnight Delivery Address**
P.O. Box 883  1100 L St, NW, Room 12014
Washington, D.C. 20044  Washington, D.C. 20005

Kathryn Wyer  Tel: (202) 616-8475
Senior Trial Counsel  Fax: (202) 616-8470
kathryn.wyer@usdoj.gov

September 23, 2019

Via Electronic Mail

Anne L. Weisman
Citizens for Responsibility and Ethics in Washington
1101 K Street, NW
Washington, DC 20005

    Re:   *CREW v. Trump*, No. 1:19-cv-1333 (D.D.C.)

Dear Ms. Weisman:

    This letter responds to your letter sent to me by e-mail dated September 20, 2019. Your letter requests Defendants' assurances that certain specific categories of records will be preserved pending a decision in this case. It also requests that we describe to you certain aspects of the preservation advice that we have provided to our clients in this matter.

    I of course cannot share with you the privileged legal advice that we have conveyed to our clients regarding their preservation obligations arising from this lawsuit. As you are no doubt aware, most courts hold that litigation hold notices are considered privileged and protected by the attorney-client privilege or work product doctrine. *E.g.*, *Greenberger v. IRS*, 283 F. Supp. 3d 1354, 1373 n.15 (N.D. Ga. 2017) ("litigation hold letters are generally privileged"); *see also Cannata v. Wyndham Worldwide Corp.*, No. 10-68, 2011 WL 3495987, at *2 (D. Nev. 2011) ("In general, unless spoliation is at issue, a litigation hold letter is not discoverable . . . ."). Even those courts that have suggested that parties may probe basic information about preservation have said only that parties may do so as part of discovery proceedings. *See id.* That authority does not create a freestanding right to demand that defense counsel disclose preservation guidance outside of the discovery process, before a defendant has even filed a response to the complaint. Finally, Plaintiffs' inquiries into Defendants' recordkeeping practices are particularly inappropriate in light of the fact that the Presidential Records Act does not "allow courts, at the behest of private citizens, to rule on the adequacy of the President's records management practices or overrule his records creation, management, and disposal decisions." *Armstrong v. Bush*, 924 F.2d 282, 290 (D.C. Cir. 1991).

I can assure you, however, that we have appropriately advised our clients concerning their preservation obligations, as is our standard practice. Our hope is therefore that you will withdraw your request that Defendants disclose their preservation advice and refrain from filing baseless motions with the Court. Should you nevertheless elect to draw the Court into this dispute, we will be prepared to explain the numerous reasons why you are not entitled to the relief that you are seeking — including, as set out in our motion to dismiss, the fact that judicial review is not available over any of the claims that you have asserted in this case.

I trust that this is responsive to your concerns. If you wish to discuss this further, please feel free to contact me.

Sincerely,

/s/

Kathryn Wyer
(202) 616-8475