# EXHIBIT H

Plaintiffs' Motion for a Temporary Restraining Order



September 25, 2019

**BY EMAIL**: kathryn.wyer@usdoj.gov

Katheryn L. Wyer
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC 20005

      Re: *CREW v. Trump*, Case No. 19-cv-1333 (D.D.C. May 7, 2019)

Dear Ms. Wyer:

      Thank you for your letter of September 23, 2019, responding to our letter of September 20, 2019, seeking assurances that Defendants will preserve specified categories of records pending the conclusion of this litigation. We are disappointed that rather than provide those assurances you have mischaracterized our request as seeking privileged legal advice and ignored the obligations Rule 26 of the Federal Rules of Civil Procedure imposes on Defendants.

      First, Plaintiffs did not and are not requesting privileged legal advice, including the content of any preservation hold you have imposed. As our previous letter makes clear, we are simply asking for confirmation that certain categories of records we have outlined will be preserved. Defendants can certainly respond to this request without disclosing any legal advice you have provided them as their counsel, and that is all that we ask.

      Second, as you know, the obligation to preserve relevant evidence through a litigation hold does not commence with the start of discovery, but runs from the time that a party has notice or should have known that evidence is relevant to either pending or future litigation. *See, e.g.*, *Zhi Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) (confirming that a party has an obligation "to preserve potentially relevant evidence . . . once that party anticipates litigation") (citation omitted); *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212 (S.D.N.Y. 2003) (same). That, as your letter states, we are asking for assurances that you have taken appropriate preservation steps "before a defendant has even filed a response to the complaint," does not alter this obligation.

      Third, it cannot legitimately be questioned that we seek the preservation of relevant evidence. The complaint rests on allegations that President Trump has a pattern and practice of affirmatively refusing to create and preserve records of his communications and meetings with certain foreign leaders in violation of his non-discretionary obligations under the Presidential Records Act ("PRA"), and that he has asserted control over agency records improperly treating them as presidential records. Recent revelations about President Trump's conversations with the president of Ukraine in which he has admitted applying pressure on the Ukrainian government to investigate Hunter Biden, the son of one of his political rivals in the upcoming 2020 presidential

election, and the existence of a whistleblower complaint about this and other incidents, likely contain evidence of the President's recordkeeping practices that lie at the heart of Plaintiffs' complaint. Moreover, the fact that the White House is negotiating with Congress over the release of the whistleblower complaint – a record of the Office of the Director of National Intelligence – raises serious questions about the White House's role in controlling access to agency records, additional conduct that mirrors that alleged in our complaint. Both existing documents and evidence that the Defendants failed to create certain documents are properly subject to discovery here, reinforcing the need that they be preserved pending the outcome of this litigation.

Fourth, your statement that Department of Justice attorneys "have appropriately advised our clients concerning their preservation obligations, as is our standard practice," falls far short of what courts have required parties to disclose when faced with requests similar to that in our September 20 letter. Most fundamentally, Plaintiffs are entitled to know the kinds and categories of records Defendants have been instructed to preserve and "what specific actions [Defendants] were instructed to take to that end." *Cannata v. Wyndham Worldwide Corp.*, No. 10-68, 2011 WL 3495987, at *3 (D. Nev. Aug. 10, 2010). *See also United States ex rel. Barko v. Halliburton Co.*, 74 F. Supp. 3d 183, 190 (D.D.C. 2014) (citing *In re eBay Seller Antitrust Litigation*, 2007 WL 2852364, at *2 (N.D. Cal. Oct. 2, 2007) ("[a] party may discover the steps the opposing party has taken to preserve relevant information.")). Our letter seeks precisely that information. Moreover, you have offered no explanation for your "standard practice," making it impossible to determine whether you have met your legal obligations.

The serious violations of law that we allege in our complaint concern a failure, if not outright refusal, to follow the mandatory recordkeeping requirements of the PRA. Given this context it is critical that we receive assurances that all relevant information has been and will be preserved. Your letter falls far short of those assurances. We therefore our request that you confirm the kinds and categories of records Defendants have been instructed to preserve no later than 5 p.m. on Friday, September 30, 2019.

Sincerely,

Anne L. Weismann
Chief FOIA Counsel