# EXHIBIT I

Plaintiffs' Motion for a Temporary Restraining Order



**U.S. Department of Justice**

Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 1100 L St, NW, Room 12014 |
| Washington, D.C. 20044 | Washington, D.C.  20005 |

---

Kathryn Wyer
Senior Trial Counsel

Tel:  (202) 616-8475
Fax:  (202) 616-8470
kathryn.wyer@usdoj.gov

September 27, 2019

<u>Via Electronic Mail</u>

Anne L. Weisman
Citizens for Responsibility and Ethics in Washington
1101 K Street, NW
Washington, DC  20005

  Re: *CREW v. Trump*, No. 1:19-cv-1333 (D.D.C.)

Dear Ms. Weisman:

   This letter responds to your letter sent to me by e-mail dated September 25, 2019, which in turn followed earlier correspondence from you dated September 20, 2019, and my response dated September 23, 2019.  While disclaiming any intent to seek privileged legal advice concerning Defendants' litigation hold obligations, including the content of any litigation hold, your most recent letter again asks the government to confirm that specific categories of information are being preserved.  That clearly implicates privileged legal advice.

   In support of your request, you recite generic pronouncements regarding parties' preservation obligations, as well as two decisions that allowed a party to seek information regarding the opposing party's preservation efforts during discovery, in light of the specific facts of the case.  Of course, the holdings of those cases are inapplicable here because we have not entered into any discovery process in this case.  Rather, Defendants' motion to dismiss is not yet fully briefed.  Regardless of what information regarding an opposing party's preservation efforts might legitimately be sought in discovery in a particular circumstance, you have identified no instance where a party was deemed entitled to such information at the outset of a case, while a motion to dismiss is pending, and before any discovery has taken place.  Indeed, the Federal Rules of Civil Procedure provide no mechanism to ask the Court to compel an opposing party to provide information outside the discovery process. *See* Fed. R. Civ. P. 37(a)(3)(A)-(B) (indicating that a party can prevail on a motion to compel only where the opposing party "fails to make a disclosure required by Rule 26(a)" or has failed to respond to a discovery request such as an interrogatory or a request for production).  Your attempt to conduct informal discovery here is premature, and particularly inappropriate when the Court's subject matter jurisdiction over this action remains in dispute—even more so when Plaintiffs' opposition brief essentially concedes that governing D.C. Circuit authority in *Armstrong v. Bush*, 924 F.2d 282 (D.C. Cir. 1991), does not allow judicial

review of Plaintiffs' Presidential Records Act claims.

I previously assured you that we have appropriately advised our clients of their preservation obligations.  Those obligations of course include the obligation to preserve all evidence relevant to the claims and defenses in this case.  But the advice provided about how to carry out that obligation is privileged.  Moreover, nothing in your letter, or in the allegations of Plaintiffs' complaint, suggests that spoliation of relevant evidence is likely to occur.  Absent any authority supporting the unprecedented disclosures that you request at this early stage of the case, Defendants do not intend at this time to respond further to your inquiries about the content of their preservation hold.

Sincerely,

/s/

Kathryn Wyer